# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# Charleston Division

**JOSHUA PIERSON SR,**
**individually and on behalf**
**of a class of persons,**

    **Plaintiff,**

    v.                                            Civil Action No. __2:24-cv-00521__

**LAKEVIEW LOAN SERVICING, LLC,**
**and MANUFACTURERS AND TRADERS**
**TRUST COMPANY d/b/a M&T BANK,**

    **Defendants.**

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA:

Pursuant to 28 U.S.C. sections 1332, 1441(a) and 1446, Defendants Lakeview Loan Servicing, LLC ("Lakeview") and Manufacturers and Traders Trust Company d/b/a M&T Bank ("M&T Bank") (collectively "Defendants") hereby give notice of the removal of this action from the Circuit Court of Logan County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because Plaintiff Joshua Pierson Sr. ("Plaintiff") and Defendants are citizens of different states and because the amount in controversy exceeds $5,000,000 exclusive of interest and costs. As grounds for removal, Defendants state as follows:

**I.    BACKGROUND**

    1.    On August 20, 2024, Plaintiff filed a Class Action Complaint (the "Complaint") in the Circuit Court of Logan County, West Virginia, against Defendants. The Complaint is

captioned *Joshua Pierson Sr., individually and on behalf of a class of persons v. Lakeview Loan Servicing, LLC and Manufacturers and Traders Trust Company d/b/a M&T Bank* and was assigned Civil Action No. CC-23-2024-C-113 (the "State Court Action"). A true and correct copy of the State court docket, the Complaint and all other documents served upon Defendants are attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

2. Through its registered agent, Lakeview was served with the Complaint on August 26, 2024.

3. Through its registered agent, M&T Bank was served with the Complaint on August 26, 2024.

4. The Notice of Removal is timely because it is being filed with the Court within 30 days from the date Defendants were first apprised of this matter and served with a copy of the Complaint. *See* 28 U.S.C. §§ 1446(b), 1453(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

5. The Complaint asserts claims on behalf of Plaintiffs and a class of similarly situated individuals for violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), based upon allegedly improper threats to collect fees for property evaluation, inspections, court costs, and attorneys' fees.

6. Plaintiffs seek a myriad of relief for themselves and purported class members, including monetary damages, statutory penalties, and interest. *See* **Ex. A**, Compl. at "Relief Sought".

7. Defendants deny the allegations set forth in the Complaint, deny that Plaintiff has stated a claim for which relief may be granted, individually or otherwise, and deny that Plaintiff or any member of the purported class has been damaged in any manner.

8. However, presuming, for jurisdictional purposes only, that Plaintiff's claims are valid, the Complaint could have originally been filed in this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(1)-(11) ("CAFA").

9. Accordingly, removal is proper because this Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(d)(2). *See* 28 U.S.C. § 1441.

## II. GROUNDS FOR REMOVAL

10. This Court has original subject matter jurisdiction over Plaintiff's class claims under CAFA.

11. CAFA provides for original jurisdiction in federal court of any claim brought under Federal Rule of Civil Procedure 23 or any similar state statute authorizing a person to represent a class of claimants. *Id.* § 1332(d)(1)(B); *Delebreau v. Bayview Loan Serv., LLC*, No. 6:09-cv-245, 2011 U.S. Dist. LEXIS 4694, at *9 (S.D.W. Va. Jan. 18, 2011). The purported class must have at least one putative member who is of diverse citizenship to the defendant ("minimal diversity"), 100 or more class members, and claims that in the aggregate exceed $5,000,000. *Id.* § 1332(d)(2)(A), (d)(5)(B); *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 330 (4th Cir. 2019). A class action filed in state court that satisfies the requirements of section 1332(d) may be removed to federal court. *See* 28 U.S.C. § 1457; *Dominion Energy*, 928 F.3d at 330. Because all of the above elements are satisfied, this Court has original subject matter jurisdiction over this case.

12. Plaintiff filed the class claims pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, which govern procedure in the courts of the State of West Virginia. Plaintiffs define the purported class as follows:

> All West Virginia borrowers at the time of the filing of this action, within the four years of the filing of this complaint through the date of class certification that either or both Defendants mailed a collection letter to that threatened the collection of property evaluation, inspection, court costs, or attorney fees.

**Ex. A**, Compl. ¶ 15.

13. Plaintiff seeks damages for purported class members, as outlined above, including civil penalties, actual and compensatory damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

### A.     **Diversity of Citizenship**

14. Minimal Diversity exists between the parties, meaning at least one member of the class of plaintiff—here, Plaintiff—is a citizen of a state different from the Defendants. 28 U.S.C. § 1332(d)(2)(A).

15. Plaintiff is a citizen of the state of West Virginia. *See* **Ex. A**, Compl. ¶¶ 1-2.

16. Lakeview is a Delaware limited liability company with its principal place of business in Florida. Lakeview's sole member is Bayview MSR Opportunity Corp. Bayview MSR Opportunity Corp. is a Delaware corporation also with its principal place of business in Florida. Accordingly for the purposes of diversity under 28 U.S.C. § 1332, Lakeview is a citizen of Delaware and Florida.

17. Under CAFA, a limited liability company is an unincorporated association whose citizenship is that of the State under whose laws it is organized and the State where it has its principal place of business. *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 704 (4th Cir. 2010).

18. Accordingly, Lakeview is a citizen of both Delaware and Florida.

19. M&T Bank is a New York state chartered banking institution with its national headquarters located in Buffalo, New York. Accordingly for the purposes of diversity under 28 U.S.C. § 1332, M&T Bank is a citizen of New York.

20. Accordingly, Plaintiff is of diverse citizenship to both Lakeview and M&T Bank; therefore, minimal diversity is met. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.    Size of Purported Class Exceeds 100 Members**

21. Pursuant to CAFA, there must be at least 100 members in a proposed class for the federal court to have original jurisdiction. *See* 28 U.S.C. § 1332(d)(5)(B).

22. The putative class has a minimum of 100 members. Plaintiff seeks to represent a statewide class of individuals whom "Defendants mailed a collection letter to that threatened the collection of property evaluation, inspections, court costs, or attorney fees." *See* **Ex. A**, Compl. ¶ 15. Further, Plaintiff alleges that the "members of the Class are so numerous that joinder is impracticable." *See* **Ex. A**, Compl. ¶ 32(a) *misnumbered paragraph*.

23. Defendants have identified at least 100 members of the purported class.

24. Thus, based on the purported class definition in the Complaint, the 100-member threshold required by CAFA is satisfied.

**C.    Amount in Controversy Exceeds $5,000,000**

25. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(2).[1]

---

[1] By statute, interest and costs are excluded from the calculation of the jurisdictional amount under CAFA. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

26. Plaintiff seeks, amongst other things, to recover, for himself and the putative class members, statutory penalties, actual and compensatory damages, attorneys' fees and the costs of this action, and pre-and post-judgment interest. *See* **Ex. A**., Compl. at "Relief Sought."

27. The Complaint alleges that Defendants sent debt collection letters which improperly stated Plaintiff risked the assessment of "property evaluation, inspections, court costs, and attorney fees, all of which are added to the mortgage loan account." *See* **Ex. A**, Compl. ¶ 8.

28. Plaintiffs alleges that such letters are violations of the WVCCPA. Specifically, Plaintiff alleges that such letters violate W. Va. Code §§ 46A-2-127, -128. *See* **Ex. A**, Compl. ¶¶12-14, 21.

29. Accordingly, Plaintiff seeks statutory penalties pursuant to sections 46A-5-101(1) and -106. Although Plaintiff does not set forth a civil penalty amount, the civil penalty is approximately $1,000.00. *See* W. Va. Code §§ 46A-5-101. Pursuant to W. Va. Code § 48A-5-106, such penalty is adjusted for inflation from September 2015. Accordingly, pursuant to the Consumer Price Index Inflation Calculator, each violation would carry a statutory penalty of approximately $1,322.98.[2]

30. Upon review of its business records, Defendants have identified at least 3,850 letters during the class period in the same form as the letter sent to Plaintiff described in Paragraph 8 of the Complaint.

31. Multiplying Plaintiff's requested statutory penalty amount by the number of letters during the class period shows that aggregate damages in controversy exceed $5 million, exclusive

---

[2] CPI Inflation Calculator, Bureau of Labor Statistics, U.S. Dep't of Labor, available at https://www.bls.gov/data/inflation_calculator.htm (last visited on September 11, 2024)

of costs and interests. The amount of alleged statutory penalties exceeds the $5 million jurisdictional threshold under CAFA (3,850 x $1,322.98 = $5,093,473.00).

32. Thus, statutory penalties alone exceed the $5,000,000 jurisdictional amount. This calculation does not include Plaintiff's allegations of compensatory damages and attorney's fees requested in the Complaint. Accordingly, this case qualifies for federal diversity jurisdiction under CAFA and is properly removable.

### III. ADDITIONAL REQUIREMENTS FOR REMOVAL

33. Venue is proper in this Court because it is the District and Division embracing the place where the State Court Action is pending pursuant to 28 U.S.C. § 1441(a). This action is being removed from the Logan County Circuit Court, which lies within the Southern District of West Virginia. *See* 28 U.S.C. §§ 93(a), 1441(a) and 1446(a).

34. Pursuant to 28 U.S.C. § 1446(d), copy of Defendants' Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court of Logan County, West Virginia. A true and correct copy of the Notice of Filing of Notice of Removal, without exhibits, is attached as **Exhibit B**.

WHEREFORE, Defendants Lakeview Loan Servicing, LLC and Manufacturers and Traders Trust Company d/b/a M&T Bank respectfully give notice that this action is hereby removed from the Circuit Court of Logan County, West Virginia to the United States District Court for the Southern District of West Virginia, Charleston Division.

Dated: September 24, 2024         **LAKEVIEW LOAN SERVICING, LLC and MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a M&T BANK**

By: /s/ *Jason E. Manning*
        Of Counsel

John C. Lynch (WV Bar No. 6627)
Jason E. Manning (WV Bar No. 11277)
David M. Asbury (WV Bar No. 12952)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
E-mail: jason.manning@troutman.com
E-mail: david.asbury@troutman.com

*Counsel for Defendants Lakeview Loan Servicing, LLC and M&T Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September 2024, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System. I further certify that a true and correct copy of the foregoing was also served via e-mail to:

Benjamin M. Sheridan, Esq.
Jed R. Nolan, Esq.
KLEIN & SHERIDAN, LC
3566 Teays Valley Road
Hurricane, WV 25526
ben@kleinsheridan.com
jed@kleinsheridan.com

Jonathan R. Marshall, Esq.
BAILEY & GLASSER LLP
209 Capital Street
Charleston, WV 25301
jmarshall@baileyglasser.com

Patricia M. Kipnis, Esq.
BAILEY & GLASSER LLP
923 Haddonfield Rd., Suite 300
Cherry Hill, NJ 08002
pkipnis@baileyglasser.com
*Counsel for Plaintiff*

/s/ *Jason E. Manning*
John C. Lynch (WV Bar No. 6627)
Jason E. Manning (WV Bar No. 11277)
David M. Asbury (WV Bar No. 12952)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: john.lynch@troutman.com
E-mail: jason.manning@troutman.com
E-mail: david.asbury@troutman.com
*Counsel for Defendants Lakeview Loan Servicing, LLC and M&T Bank*